UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| FRIEDA ZEIDEL, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 15-cv-04116 |
| v. | ) ) | |
| BARBIZON SCHOOL OF SAN FRANCISCO, INC., a California corporation, and IPAA OF CHICAGO, LLC, a California limited liability company, | ) ) ) ) ) | Hon. Samuel Der-Yeghiayan

Magistrate Judge Sidney I. Schenkier |
| *Defendants*. | ) ) | |

### PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS

Plaintiff, Frieda Zeidel, by and through her undersigned attorneys, and pursuant to Fed. R. Civ. P. 37 and Local Rule 37.2, hereby respectfully moves for entry of an order compelling Defendants, Barbizon School of San Francisco, Inc. ("Barbizon") and IPAA of Chicago, LLC ("IPAA"), to produce their corporate representatives for depositions. In support of her Motion, Plaintiff states as follows:

**I.  INTRODUCTION**

With the June 22, 2017 discovery deadline fast approaching, and with Plaintiff's renewed motion for class certification due to be filed on July 27, 2017 (Dkt. 53), Plaintiff took the steps necessary to timely schedule depositions of Defendants' 30(b)(6) witnesses and other key corporate representatives. (*See* Declaration of Eugene Y. Turin, attached hereto as Exhibit A, at ¶¶ 4–9.)  However, despite giving sufficient notice of the depositions, and reaching out on multiple occasions to Defendants' counsel to confirm the deposition dates (Ex. A at ¶¶ 2–9), Defendants have stated that they will not produce any of the requested witnesses for depositions pending the TCPA-related appeal before the D.C. Circuit Court of Appeals of the 2015 Federal

1

Communications Commission ("FCC") Ruling. (Dkt. 62 at 8–10; *ACA International v. Federal Communications Commission*, No. 15-1211 (D.C. Cir.) ("D.C. Circuit Appeal")). More specifically, and as reflected in their recently-filed Motion to Stay (Dkt. 62 at 8–10), Defendants have stated that, because the D.C. Circuit Appeal may potentially have some impact on this litigation, and because Defendants may want to file a motion for summary judgment at some point in the future, depositions at this point would not be appropriate. (Ex. A at ¶¶ 2–3.) This position is unsupportable. As further set forth below, Defendants' depositions should go forward regardless of any decision in the D.C. Circuit Appeal. The fact that Defendants have filed their Motion to Stay does not act to actually stay this case before the Court has issued any ruling actually granting that motion. Nor does the fact that a decision in the D.C. Circuit Appeal may have *some* impact on the merits issue of whether an ATDS was utilized by Defendants justify postponing any decision on whether class certification is appropriate. Because Plaintiff intends to comply with the current deadline to file her class certification motion and should be entitled to complete discovery necessary to do so, Plaintiff respectfully requests that Defendants be ordered to produce the requested witnesses for depositions.

## II.     BACKGROUND & PROCEDURAL HISTORY

Plaintiff originally filed her Class Action Complaint against Defendant Barbizon on May 11, 2015, alleging that Barbizon sent unauthorized automated text messages promoting its modeling and acting schools in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A). (Compl., Dkt. 1, at ¶¶ 1, 13, 15, 20, 28–32.) Barbizon filed its Answer on August 28, 2015. (Dkt. 10.) On October 6, 2015, the Court entered a discovery schedule in accordance with the Parties' Joint Initial Status Report, setting February 26, 2016 as the deadline to add parties and amend pleadings and July 15, 2016 as the discovery closure date.

(Dkt. 16.) These deadlines were extended, however, as Barbizon's failure to respond to Plaintiff's discovery requests resulted in Plaintiff having to file a motion to compel, and the Parties thereafter filed a joint motion to extend the discovery deadline. (Dkt. 21.) The Court entered the Parties' proposed schedule, setting April 25, 2016 as the new deadline to amend pleadings and add parties, and a discovery closure date of September 13, 2016. (Dkt. 23.)

On April 25, 2016, based on the discovery produced by Barbizon, Plaintiff moved for leave to file her First Amended Complaint, which added IPAA as an additional defendant that jointly participated in the text message advertising campaign with Barbizon. (Dkt. 24.) Barbizon did not oppose Plaintiff's Motion to Amend, and on May 11, 2016, Plaintiff filed her First Amended Complaint. (Dkts. 26. 27.) In response to Plaintiff's First Amended Complaint, on June 2, 2016, Defendants filed a motion to dismiss (Dkt. 32), which was denied by the court. (Dkt. 51.) On October 21, 2016, in light of the addition of IPAA as a defendant, the Court entered a revised discovery schedule, setting June 22, 2017 as the discovery closure date, and July 27, 2017 as the due date for Plaintiff's renewed motion for class certification. (Dkt. 53.) Shortly thereafter, this case was reassigned to Your Honor (Dkt. 57), and the Parties were informed that the previously-set dates would stand. (Dkt. 59.)

In light of the upcoming discovery closure date, and in anticipation of her forthcoming motion for class certification, on April 24, 2017, Plaintiff sent Defendants notices of three depositions of their corporate representatives: (i) a 30(b)(6) deposition of Defendant Barbizon (attached hereto as Exhibit B) scheduled to take place on May 17, 2017; (ii) a 30(b)(6) deposition of Defendant IPAA (attached hereto as Exhibit C) scheduled to take place on May 19, 2017; and (iii) a deposition of Lena Marie Lionetti, the individual in charge of the text message advertising for Defendants (attached hereto as Exhibit D), scheduled to take place on May 16,

3

2017. In addition, on May 1, 2017, Plaintiff sent Defendants notices of three other depositions: (i) a 30(b(6) deposition of third-party Barbizon International, Inc., the franchisor entity at least partially responsible for some of Defendant Barbizon's advertising content (attached hereto as Exhibit E), scheduled to take place on May 12, 2017; a 30(b)(6) deposition of third-party Barbizon School of Modeling of Manhattan, Inc. ("Barbizon NYC"), a subsidiary of Defendant Barbizon and one of the entities advertised in the text messages at issue (attached hereto as Exhibit F), scheduled to take place on May 11, 2017; and (iii) a deposition of Anthony Lionetti, the chief executive of Defendant IPAA (attached hereto as Exhibit G), scheduled to take place on May 10, 2017.

On May 5, 2017, following several emails and attempts to confirm the scheduled dates for the depositions set forth above, Defendants' counsel stated that they would not be producing the requested witnesses, that Defendants would not proceed with any depositions pending a decision in the D.C. Circuit Appeal, and that Defendants would be moving to stay the case pending such decision.[1] (Turin Decl. at ¶ 2.)

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure provide courts with broad discretion in resolving discovery disputes. *Bobkoski v. Bd. Of Educ. Of Cary Consol. Sch. Dist. 26*, 141 F.R.D. 88, 90 (N.D. Ill. 1992). A party may file a motion under Fed. R. Civ. P. 37 to compel deposition testimony as well as to compel the designation of witnesses pursuant to Fed. R. Civ. P. 30(b)(6). Fed. R. Civ. P. 37 (a)(3)(B)(ii), (a)(3)(C); *see Adair v. Hunt Int'l Res. Corp.*, No. 79-cv-4206, 1987 WL 10961, at *2 (N.D. Ill. May 13, 1987). If a party fails to appear for a properly noticed deposition, a court can order the party to appear for the deposition pursuant to Fed. R. Civ. P.

---

[1] Plaintiff will be proceeding with several depositions of third-party witnesses, including the representative for Barbizon International, Inc. which is scheduled to occur in New York City on May 31, 2017.

37(d).  *Adair*, 1987 WL 10961, at *2.  Furthermore, a plaintiff is entitled to sanctions where a party objecting to producing requested discovery, including refusing to appear for a deposition, fails to seek a protective order under Fed. R. Civ. P. 26(c).  *Id.* at *2; *Kingsberry v. United States*, No. 07-cv-00118, 2012 WL 1296903, at *2 (S.D. Ill. Apr. 16, 2012).

## IV. ARGUMENT

### A. The depositions of Defendants' corporate representatives are necessary for Plaintiff to proceed with class certification briefing.

Defendants have made clear that they will not produce any of their corporate representatives before a ruling in the D.C. Circuit Appeal, and not even before this Court has ruled on the issue of whether the system they used to send the text messages constitutes an Automatic Telephone Dialing System under the TCPA.  (Turin Decl. at ¶¶ 2–3.)  However, as stated above, Plaintiff has just until June 22, 2017 to complete all of the discovery necessary for her to be able to proceed with filing a motion for class certification before the July 27, 2017 deadline.  (Dkt. 59.)  The depositions of Defendants' 30(b)(6) witnesses, as well as the depositions of Lena Lionetti and Anthony Lionetti, are necessary for Plaintiff to comply with these deadlines and prepare her motion for class certification.

Specifically, while Defendants and other third parties have provided a number of discovery responses and documents, including most importantly call logs showing the text message advertisements sent to potential class members like Plaintiff, Plaintiff needs to verify several critical pieces of information in order to proceed with class certification.

First, Plaintiff needs to verify that all of the text messages at issue were sent by Defendants using the same text message service provided by Club Texting, Inc., thus establishing that the utilization of an ATDS to send the messages is a common question that can be resolved uniformly for all putative class members.  As admitted to by Defendant IPAA, the

5

text message service at issue was "purchased" and "utilized" by Lena Lionetti,[2] and Lena Lionetti was also the "marketing director" responsible for the "marketing activities of IPAA and Barbizon."[3] In addition, Anthony Lionetti was also identified as an "employee, officer or director of IPAA" who was involved in sending the text messages at issue,[4] and is the "President of IPAA." (Ex. I at Interrogatory No. 12.) Accordingly, there is little question that Plaintiff is entitled to depose both witnesses in order to obtain answers to key questions necessary to proceed with class certification briefing. *See Last Atlantis Capital LLC v. AGS Specialists, LLC*, 71 F. Supp. 3d 760, 761 (N.D. Ill. 2014) (upholding grant of a motion to compel deposition and noting that the witness "was potentially a very significant witness who might well be essential . . . given what was his apparent role in the gathering and creating of information that was significant to the plaintiffs' damage case").

Second, Plaintiff similarly needs to verify that Defendants' policies for obtaining consent to send the text message advertisements at issue were uniform for all individuals who received the text messages, such that any determination as to whether Defendants obtained valid written consent as required under the TCPA can be resolved on a class-wide basis. While Plaintiff has previously requested for Defendants to identify all policies and procedures for obtaining written consent from consumers to whom Defendants sent the text messages at issue, as well as any evidence of any such written consent, Defendants have failed to provide any substantive responses. (*See* Ex. I at Interrogatory Nos. 5, 7; Ex. J, at Interrogatory Nos. 2, 7.) To the extent that Defendants were to testify that they do not possess records of prior express written consent

---

[2] *See* IPAA's Supplemental Answers to Plaintiff's Interrogatories, attached hereto as <u>Exhibit H</u>, at Interrogatory Nos. 12, 13.
[3] *See* IPAA's Answers to Plaintiff's First Set of Interrogatories, attached hereto as <u>Exhibit I</u>, at Interrogatory No. 1.
[4] *See* Barbizon's Answers to Plaintiff's First Set of Interrogatories, attached hereto as <u>Exhibit J</u>, at Interrogatory No. 11.

for the individuals to whom they had sent the text message advertisements at issue, such testimony would allow for a class-wide determination of the consent issue. Given that Mr. Lionetti and Mrs. Lionetti were instrumental in the day-to-day marketing activity of Defendants, and specifically oversaw the sending of the text messages at issue in this suit, Plaintiff is entitled to depose them on the critical issue of whether Defendants took efforts to obtain proper written consent.

To the extent that Mrs. Lionetti and Mr. Lionetti also happen to be the designated 30(b)(6) witnesses for Barbizon and IPAA on these issues, Plaintiff is certainly willing to work cooperatively with Defendants to avoid redundancies and minimize any discovery burden. Otherwise, Defendants should designate appropriate 30(b)(6) witnesses to provide testimony on the two topics identified above.

### B. Defendants' have not filed a motion for a protective order justifying their refusal to produce the requested witnesses, and Defendants' Motion to Stay does not warrant a stay of these depositions.

As previously noted, a party can avoid compliance with its discovery obligations if it seeks a protective order pursuant to Fed. R. Civ. P. 26(c). *See Kingsberry*, 2012 WL 1296903, at *2. Here, Defendants never moved for a protective order upon being served with the deposition notices for their corporate representatives. Instead, Defendants stated that they would not produce the requested witnesses pending the D.C. Circuit Appeal, and proceeded to file their Motion to Stay. However, unlike a motion for a protective order, Defendants' Motion to Stay does nothing to relieve them of their discovery obligations. Indeed, any pending motion, including even dispositive motions such as summary judgment motions, does not act as a stay of discovery. *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996) ("a motion to stay discovery will not be granted every time a potentially dispositive issue

is placed before the court"). As this Court itself recognizes in its Standing Order, "[p]arties are also reminded that the pendency of a motion, such as a motion to dismiss, does not operate as a stay of discovery." Fed. R. Civ. P. 26 (c) and (d) make it clear that only the Court has the discretion to limit the scope and schedule of discovery, and that a party cannot unilaterally decide to do so without a Court order.

In this case, Defendants' refusal to cooperate with relevant and timely discovery requests is particularly egregious, given that Defendants do not have any valid justification for not producing the requested witnesses. As Defendants' Motion to Stay makes evident, Defendants are looking to forego their discovery obligations pending *some* potential ruling in the D.C. Circuit Appeal that *could* theoretically have *some* impact on this litigation (*see* Dkt. 62 at 9)—hardly a legitimate justification for disregarding the Court's case scheduling Order. Furthermore, the D.C. Circuit Appeal is unlikely to even definitively resolve the ATDS issue in this case, given that, regardless of the ruling, the Parties will still have to conduct discovery on the text message system used by Defendants so that the ruling may be properly applied to the specific facts at issue here. (*See* Motion to Stay at 9) (noting that "the D.C. Circuit's ruling will *clarify* the scope of the issues and discovery needed") (emphasis added). Additionally, even if the D.C. Circuit Appeal results in a ruling relevant to the ATDS issue in this case, the determination of the ATDS issue is a *merits* issue—whereas Plaintiff is simply seeking to finalize *class* discovery to determine if any potential ATDS determination would apply on a class-wide basis.

In sum, given the forthcoming deadlines for the close of discovery and for Plaintiff to file her motion for class certification, Plaintiff should be permitted to take the final discovery necessary for her to proceed and comply with such deadlines. To the extent that the Court has

any concerns that a ruling by the D.C. Circuit may somehow impact this litigation, the Court should allow the Parties to proceed with the necessary discovery to brief class certification and simply stay any discovery on the discrete *merits* issue of whether the text message system utilized by Defendants was actually an ATDS. Because class certification does not require any determination on the merits of Plaintiff's claim,[5] the Parties can proceed with class certification and turn to adjudicating any issues on the merits of whether an ATDS was utilized after the D.C. Circuit Appeal is ruled upon. *See Espejo v. Santander Consumer USA, Inc.*, No. 11-cv-8987, 2016 WL 6037625, at *6 (N.D. Ill. Oct. 14, 2016) (denying the defendant's request to stay the case pending the D.C. Circuit Appeal and proceeding with ruling on Plaintiff's motion for class certification).

## V. CONCLUSION

For the foregoing reasons, Plaintiff Frieda Zeidel respectfully requests that the Court enter an Order: (1) granting Plaintiff's Motion to Compel; (2) compelling Defendants to produce Mr. Lionetti and Mrs. Lionetti for depositions; (3) compelling Defendants to designate and produce 30(b)(6) witnesses for Barbizon and IPPA; (4) requiring Defendants to pay Plaintiff's reasonable attorneys' fees incurred in bringing this Motion; and (5) for such other and further relief the Court deems reasonable and just.

---

[5] *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met") (internal quotation marks and citation omitted).

Dated: May 17, 2017                               Respectfully submitted,

                                                  FRIEDA ZEIDEL, individually and on behalf of classes of similarly situated individuals

                                                  By: <u>/s/ Eugene Y. Turin</u>
                                                  One of Her Attorneys

Evan M. Meyers
Eugene Y. Turin
Paul T. Geske
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
emeyers@mcgpc.com
eturin@mcgpc.com
pgeske@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

## **RULE 37 CERTIFICATION**

I hereby certify that the requirements of Fed. R. Civ. P. 37 and Local Rule 37.2 have been met prior to filing this Motion. As set forth above and in the attached Declaration of Eugene Y. Turin, I have had numerous email exchanges and a telephonic meet-and-confer conference with Defendants' counsel, Isaac Colunga, regarding Plaintiff's requests to depose Defendants' corporate representatives. After Plaintiff properly noticed the depositions of Defendants' corporate representatives, on May 5, 2017, Defendants' counsel informed Plaintiff that it intended not to produce any of the four requested witnesses for deposition or attend any other depositions. Subsequently, on May 12, 2017, I had a telephonic meet-and-confer with Defendants' counsel informing him that Plaintiff will be filing a motion to compel production of the requested witnesses if Defendants did not produce them. Defendants' counsel stated that they would not be producing the witnesses in light of the forthcoming decision in the D.C. Circuit Appeal and their intention to file a motion for summary judgment on the issue of whether an ATDS was utilized. Therefore, despite good faith attempts to resolve this discovery dispute, the Parties have been unable to resolve the discovery dispute that is the subject of this Motion.

/s/ Eugene Y. Turin
Eugene Y. Turin
*One of Plaintiff's Attorneys*

11

**CERTIFICATE OF SERVICE**

      I hereby certify that, on May 17, 2017, I caused the foregoing *Plaintiff's Motion to Compel Depositions* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to the following counsel of record:

Bart Thomas Murphy
Isaac J. Colunga
Martha O'Connor
ICE MILLER LLP
2300 Cabot Drive
Suite 455
Lisle, IL 60532
bart.murphy@icemiller.com
isaac.colunga@icemiller.com
martha.o'connor@icemiller.com

Nicholas Alan Casto
ICE MILLER LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
nicholas.casto@icemiller.com

                                       /s/ Eugene Y. Turin