UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| FRIEDA ZEIDEL, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 15-cv-04116 |
| v. | ) ) | |
| BARBIZON SCHOOL OF SAN FRANCISCO, INC., a California corporation, and IPAA OF CHICAGO, LLC, a California limited liability company, | ) ) ) ) ) | Hon. Samuel Der-Yeghiayan<br><br>Magistrate Judge Sidney I. Schenkier |
| *Defendants*. | ) | |

**PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS**

Plaintiff, Frieda Zeidel, by and through her undersigned attorneys, and pursuant to Fed. R. Civ. P. 37 and Local Rule 37.2, hereby respectfully moves for entry of an Order compelling Defendants, Barbizon School of San Francisco, Inc. ("Barbizon") and IPAA of Chicago, LLC ("IPAA"), to produce their corporate representatives for depositions. In support of her Motion, Plaintiff states as follows:

**I.  INTRODUCTION**

With the Court having denied Defendants' Motion to Stay and ordering the Parties to proceed with discovery and comply with the June 22, 2017 discovery deadline (Dkt. 66), Plaintiff took the steps necessary to, once again, schedule depositions of Defendants' 30(b)(6) witnesses and other key corporate representatives. (*See* Declaration of Eugene Y. Turin, attached hereto as Exhibit A, at ¶¶ 4–7.) However, despite giving sufficient notice of the depositions and reaching out to Defendants' counsel on numerous occasions to confirm the new deposition dates (Ex. A at ¶¶ 2–7), with less than a week before the depositions are set to take

1

place Defendants have still not stated whether they will produce any of the requested witnesses at the scheduled times and have still not designated any of their 30(b)(6) witnesses. Because Plaintiff seeks to comply with the current June 22 deadline for discovery and the July 27 deadline for filing her motion for class certification, and because Plaintiff seeks to avoid wasting significant time and resources preparing for and traveling to out-of-state depositions without any knowledge of whether Defendants will appear and who they will designate, Plaintiff again respectfully requests that Defendants be ordered to produce the requested witnesses for depositions.

## II.     BACKGROUND AND PROCEDURAL HISTORY

On May 10, 2017, Defendants filed a Motion to Stay the case pending the TCPA-related appeal before the D.C. Circuit Court of Appeals of the 2015 Federal Communications Commission ("FCC") Ruling. (Dkt. 62 at 8–10; *ACA International v. Federal Communications Commission*, No. 15-1211 (D.C. Cir.)). Because Defendants stated their intention not to produce any witnesses for depositions while the D.C. Circuit appeal was pending, on May 17, 2017, Plaintiff filed her Motion to Compel asking for Defendants to produce witnesses for depositions and adhere to the discovery schedule set by the court. (Dkt. 63.) On May 23, 2017, this Court denied Barbizon's Motion to Stay, ordered the parties to proceed with discovery, and ruled that the previously set discovery closure date of June 22, 2017 was to stand. (Dkt. 65.)

In light of the Court's ruling, on May 24, 2017, Plaintiff sent Defendants amended notices of four depositions of their corporate representatives: (i) a 30(b)(6) deposition of Defendant Barbizon (attached hereto as Exhibit B) scheduled to take place on June 13, 2017 in San Francisco, California; (ii) a deposition of Lena Marie Lionetti, the individual in charge of the text message advertising for Defendants (attached hereto as Exhibit C), scheduled to take place

on June 14, 2017 in San Francisco, California; (iii) a deposition of Anthony Lionetti, the chief executive of Defendant IPAA (attached hereto as Exhibit D), scheduled to take place on June 15, 2017 in Chicago, Illinois; and a 30(b)(6) deposition of Defendant IPAA (attached hereto as Exhibit E) scheduled to take place on June 16, 2017 in Chicago, Illinois.

Plaintiff's counsel has had multiple communications, including email correspondence and phone calls, with Defendants' counsel regarding the scheduling of the depositions, including most recently on June 6, 7, and 8. However, Defendants' counsel has been unable to verify whether Defendants will appear at the scheduled depositions, and Defendants have not designated who will appear as their 30(b)(6) witnesses.[1] (Turin Decl. at ¶¶ 2–3.)

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure provide courts with broad discretion in resolving discovery disputes. *Bobkoski v. Bd. Of Educ. Of Cary Consol. Sch. Dist. 26*, 141 F.R.D. 88, 90 (N.D. Ill. 1992). A party may file a motion under Fed. R. Civ. P. 37 to compel deposition testimony as well as to compel the designation of witnesses pursuant to Fed. R. Civ. P. 30(b)(6). Fed. R. Civ. P. 37 (a)(3)(B)(ii), (a)(3)(C); *see Adair v. Hunt Int'l Res. Corp.*, No. 79-cv-4206, 1987 WL 10961, at *2 (N.D. Ill. May 13, 1987). If a party fails to appear for a properly noticed deposition, a court can order the party to appear for the deposition pursuant to Fed. R. Civ. P. 37(d). *Adair*, 1987 WL 10961, at *2. Furthermore, a plaintiff is entitled to sanctions where a party refusing to appear for a deposition fails to seek a protective order under Fed. R. Civ. P.

---

[1] This designation is critical because it is very possible that Defendants may designate Mr. Lionetti and Ms. Lionetti as the 30(b)(6) witnesses, which would eliminate the need to depose them twice. If, for example, Ms. Lionetti is ultimately designated as the 30(b)(6) witness for Defendant Barbizon, then Plaintiff will only need to take a single deposition in San Francisco, rather than two. At the very least, such information is crucial for purposes of scheduling travel arrangements and court reporting services.

Case: 1:15-cv-04116 Document #: 67 Filed: 06/08/17 Page 3 of 7 PageID #:464

26(c). *Adair*, 1987 WL 10961, at *2; *Kingsberry v. United States*, No. 07-cv-00118, 2012 WL 1296903, at *2 (S.D. Ill. Apr. 16, 2012).

## IV. DEFENDANTS SHOULD BE ORDERED TO PRODUCE THE REQUESTED WITNESSES FOR DEPOSITIONS

As stated above, Plaintiff has until only June 22, 2017 to complete all of the discovery necessary for her to proceed with filing a motion for class certification before the July 27, 2017 deadline. (Dkt. 59.) Accordingly, Plaintiff has noticed depositions of Defendants' corporate representatives to take place next week, starting on June 13, 2017 and extending through June 16, 2017. Even though the depositions are set to take place less than one week from the filing of the instant Motion, Defendants have not informed Plaintiff whether or not they will be producing the requested witnesses for depositions and have not designated their 30(b)(6) witnesses—despite repeated requests by Plaintiff's counsel for such information. Plaintiff has filed this Motion in order to avoid expending significant time and resources in an effort to attend the scheduled depositions, only to have Defendants fail to appear. Furthermore, it is critical that Defendants designate their 30(b)(6) witnesses, because if Defendants Barbizon and IPAA designate Marie Lionetti and Anthony Lionetti as their respective 30(b)(6) witnesses, Plaintiff would only have to plan travel and court reporting services for two depositions, instead of four, and would have to take only one deposition in San Francisco.

Given the forthcoming deadlines for the close of discovery and for Plaintiff to file her motion for class certification, Plaintiff should be entitled to take the final discovery necessary to proceed with the case—discovery that the Court has already ordered to go forward. (Dkt. 65.) Therefore, Plaintiff seeks an Order from the Court compelling Defendants to produce the requested witnesses for depositions at a date, time, and place certain, including designating their 30(b)(6) witnesses. To the extent, due to scheduling concerns, that such depositions will have to

take place any time after the June 22 discovery deadline, Plaintiff respectfully requests that the Court grant a brief extension of the discovery deadline to accommodate these depositions, and an equal extension of Plaintiff's deadline to file her motion for class certification.

## V.     **CONCLUSION**

For the foregoing reasons, Plaintiff Frieda Zeidel respectfully requests that the Court enter an Order: (1) granting Plaintiff's Motion to Compel; (2) compelling Defendants to produce Mr. Lionetti and Mrs. Lionetti for depositions at a date, time, and place certain; (3) compelling Defendants to designate and produce 30(b)(6) witnesses for Barbizon and IPPA at a date, time, and place certain; (4) extending the discovery and class certification filing deadlines, as appropriate, to the extent the depositions need to take place after June 22, 2017; (5) requiring Defendants to pay Plaintiff's reasonable attorneys' fees incurred in bringing this Motion; and (6) for such other and further relief the Court deems reasonable and just.

Dated: June 8, 2017                                  Respectfully submitted,

                                                     FRIEDA ZEIDEL, individually and on behalf of a
                                                     class of similarly situated individuals

                                                     By: /s/ Eugene Y. Turin
                                                             One of Her Attorneys

Evan M. Meyers
Eugene Y. Turin
Paul T. Geske
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
emeyers@mcgpc.com
eturin@mcgpc.com
pgeske@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

## **RULE 37 CERTIFICATION**

I hereby certify that the requirements of Fed. R. Civ. P. 37 and Local Rule 37.2 have been met prior to filing this Motion. As set forth above and in the attached Declaration of Eugene Y. Turin, I have had numerous email exchanges and telephonic conferences with Defendants' counsel, Isaac Colunga, regarding Plaintiff's requests to depose Defendants' corporate representatives. Defendants' counsel has informed Plaintiff that he could not verify whether Defendants would produce any of the requested witnesses for depositions, and has not designated Defendants' 30(b)(6) witnesses. On both June 6, 2017 and June 7, 2017, I had a telephonic meet-and-confer with Defendants' counsel informing him that Plaintiff will be filing a motion to compel production of the requested witnesses if Defendants could not confirm that they would be producing them, including any designated 30(b)(6) witnesses. Defendants' counsel was unable to provide such confirmation prior to the filing of this Motion. Therefore, despite good faith attempts to resolve this discovery dispute, the Parties have been unable to resolve the discovery dispute that is the subject of this Motion.

/s/ Eugene Y. Turin
Eugene Y. Turin

*One of Plaintiff's Attorneys*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 8, 2017, I caused the foregoing *Plaintiff's Motion to Compel Depositions* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to the following counsel of record:

Bart Thomas Murphy
Isaac J. Colunga
Martha O'Connor
ICE MILLER LLP
2300 Cabot Drive, Suite 455
Lisle, IL 60532
bart.murphy@icemiller.com
isaac.colunga@icemiller.com
martha.o'connor@icemiller.com

/s/ Eugene Y. Turin